# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JULIAN J. MILLER,

               Petitioner,

v.

WILLIAM J. POLLARD,

               Respondent.

Case No. 19-CV-126-JPS

**ORDER**

## 1. INTRODUCTION

Petitioner Julian J. Miller ("Miller") filed a petition for writ of *habeas corpus* on January 23, 2019. (Docket #1). Magistrate Judge William E. Duffin screened Miller's petition and found that he could proceed. (Docket #9). The matter was reassigned to this branch of the Court on June 10, 2019. On June 24, 2019, Respondent moved to dismiss Miller's petition. (Docket #13). The motion is now fully briefed. (Response, Docket #18; Reply, Docket #20).[1] For the reasons explained below, Miller's petition must be dismissed as untimely.

---

[1] Miller has submitted several other filings ancillary to the motion to dismiss. The first is a motion for clarification of his response deadline. (Docket #17). That motion will be denied as moot, as his response brief was timely filed. The second filing is a multi-part motion related to Miller's desire to file "a Response to the Respondent's Reply Brief in Support of Motion to Dismiss." (Docket #21). This motion will be denied. A response to a reply brief is not permitted by any rule of procedure; a motion is fully briefed upon the filing of an opening brief, a response, and a reply. *See* Civ. L. R. 7(a)-(c). Without waiting for a ruling on his motion, Miller nevertheless filed a response to Respondent's reply. (Docket #22). The document will be disregarded for purposes of addressing Respondent's motion.

2.  **BACKGROUND**

In September 2011, in Kenosha County Circuit Court, Miller was found guilty of murder as well as many other felonies. On November 11, 2011, Miller was sentenced to life imprisonment on the murder charge, with the sentences on the other charges totaling an additional 110 years. Miller, through counsel, filed a direct appeal from the judgment of conviction. Due to disagreements with counsel, Miller asked that his counsel be discharged and that he be allowed to return to the trial court to pursue a post-conviction motion. The Wisconsin Court of Appeals granted the requests and dismissed the appeal without prejudice.

The trial court denied Miller's post-conviction motion after an evidentiary hearing. Miller then filed a notice of appeal, which became appeal number 2014-AP-1506. The court of appeals repeatedly extended Miller's time to file his opening brief, at his request, for almost a year-and-a-half. *See* (Docket #23-1 at 2–6), Case History, *State of Wisconsin v. Julian J. Miller*, Appeal No. 2014-AP-1506 (Wis. Ct. App.), *available at*: https://wscca.wicourts.gov/caseSearch.xsl (last accessed Dec. 30, 2019).[2] Eventually, the court's patience ran out. On December 8, 2015, the court ordered Miller to file his brief by December 30, 2015, and if he did not, the appeal would be dismissed. *Id.* at 2. Miller did not file his brief in the time provided. *Id.* Instead, on January 7, 2016, he filed yet another motion to extend his briefing deadline. *Id.* On January 21, 2016, the court denied the motion and dismissed the appeal for Miller's failure to comply with the December 30 deadline. *Id.*

---

[2]Respondent included only a partial version of this document in the attachments to his brief. (Docket #14-5). The Court has located the document in its complete form and has attached it to this Order.

Miller had, meanwhile, already put his completed brief in the mail to the court. It was received on January 28, 2016. *Id.* The court issued an order on February 3, 2016 rejecting the brief for filing because the appeal had already been dismissed. (Docket #14-6). Miller then filed a motion for reconsideration on February 25, 2016. (Docket #23-1 at 2). The docket text states that the motion was denied on March 2, 2016. *Id.* Miller filed a petition for review with the Wisconsin Supreme Court on April 8, 2016. *Id.* at 1. The petition was dismissed that same day. *Id.* The court ruled as follows:

> The decision of the court of appeals that is subject to review in this court is the court of appeals' final decision disposing of the appeal or writ proceeding. In this matter, the court of appeals' final decision was its decision of Jan[ua]ry 21, 2016, which dismissed defendant-appellant's appeal. A petition for review must be physically filed with the clerk of this court within 30 days after the date of the court of appeals' final decision. The failure to file a petition within that time period requires dismissal of the petition as untimely. The 30-day deadline for filing a petition for review is tolled only if the losing party in the court of appeals files a timely motion for reconsideration in that court within 20 days after the date of the court of appeals' final decision. No motion for reconsideration was filed. Consequently, the time period for filing a petition for review was not tolled under Wis. Stat. s. 808.10(2), requiring the petition for review to have been filed within 30 days after January 21, 2016.

*Id.* at 1.

More than a year later, on July 12, 2017, Miller filed a petition for a writ of habeas corpus with the Wisconsin Court of Appeals. (Docket #14-4). He alleged ineffective assistance of counsel, denial of access to courts by the actions of prison staff, and violation of his due process and equal protection rights with respect to access to his inmate release account to fund his litigation activities. (Docket #14-1 at 2). The petition was briefed and the

court denied it in an order dated October 15, 2018. (Docket #14-2). The Wisconsin Supreme Court denied his petition for review of that order on April 9, 2019. (Docket #14-7).

Miller filed this action on January 23, 2019. (Docket #1). The case was briefly stayed while the state court litigation concluded. (Docket #7 and #9). Miller's instant petition raises numerous claims, variously attacking the merits of his conviction, asserting ineffective assistance of counsel, re-raising his complaints about staff interference and funding issues, and claiming that the Wisconsin Court of Appeals violated his due process rights when it dismissed his 2014 appeal. *See* (Docket #9 at 2–3).

## 3. STANDARD OF REVIEW

The federal habeas corpus statute "permits a federal court to entertain only those applications alleging that a person is in state custody 'in violation of the Constitution or laws or treaties of the United States.'" *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citing 28 U.S.C. § 2254(a)). "As amended by [the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")], 28 U.S.C. § 2254 sets several limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner." *Id.* As a result, the Court may grant a writ of *habeas corpus* only if the state court's decision with respect to that claim was: (1) "contrary to . . . clearly established federal law, as determined by the Supreme Court of the United States"; (2) "involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (3) "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1–2); *see also Conner v. McBride*, 375 F.3d 643, 648–49 (7th Cir. 2004).

4.  **ANALYSIS**

The Court's analysis of Respondent's motion begins, and ends, with his first argument—that Miller's federal habeas action was filed too late. State prisoners seeking federal habeas review have one year from the date their judgment of conviction became final to file their petition. 28 U.S.C. § 2244(d)(1). A judgment is "final" under this rule at "the conclusion of direct review [in the state appellate courts] or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A); *Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012). This includes the ninety-day period allowed for filing a petition for writ of certiorari with the U.S. Supreme Court. *Ray*, 700 F.3d at 1003. If the prisoner does not complete the state court appellate process, thus enabling him to file a petition for a writ of certiorari, then he does not get the benefit of that ninety-day period. Instead, his conviction becomes final when the time for seeking review in the state's highest court expires. *Gonzalez v. Thaler*, 565 U.S. 134, 149–50 (2012).

The one-year limitations period is tolled for the time "during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). Whether state post-conviction proceedings are "properly filed" is determined in accordance with that state's procedural laws. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). This Court must "defer to a state court's interpretation of its own procedural rules out of respect for the principles of federalism." *Ray*, 700 F.3d at 1006.

Miller's judgment of conviction was issued on November 11, 2011. Because he immediately pursued direct review of the conviction, the Section 2244(d)(1) clock never began to run. The parties bicker as to when the direct review ended, which would start the clock. Respondent says it was January 21, 2016, when the Wisconsin Court of Appeals dismissed

Miller's appeal for failure to file his brief. Respondent notes that under Wisconsin's procedural rules, Miller had twenty days from that date to file a motion for reconsideration with the court of appeals, Wis. Stat. § 809.24(1), or thirty days to file a petition for review with the supreme court, *Id.* § 808.10(1). The pendency of a motion for reconsideration tolls the thirty-day period in which to file a petition for review. *Id.* § 808.10(2).

Miller filed both a motion for reconsideration and a petition for review, but neither actually complied with the rules of appellate procedure. Miller's motion for reconsideration was due on or before February 10, 2016. It was not filed, however, until February 25, 2016. The motion was denied, in any event, on March 2, 2016. Miller's petition for review was not submitted until April 8, 2016. This was well past the thirty-day limitation period counting from the date the court of appeals dismissed the appeal and was late even from the date of the denial of the motion for reconsideration.

It appears, then, that the court of appeals and supreme court were correct in their findings on Miller's tardiness. But critically, even if this Court had reason to question those rulings, it has no power to overturn or disregard them. As noted above, Wisconsin courts have the final, and inviolable, word on Wisconsin procedural rules. *Ray*, 700 F.3d at 1006; *Powell v. Davis*, 415 F.3d 722, 726 (7th Cir. 2005) ("[W]e have no authority to second-guess a ruling based on state law."). This Court's only role is to review federal constitutional claims, not issues of state procedural law, no matter how aggrieved Miller may be by those procedures.

Based on the state courts' interpretation of their own rules, Miller's federal habeas statute-of-limitations began to run on February 20, 2016, which was the date by which he was required to file his petition for review.

The limitations period ended one year later, on February 21, 2017. Miller's subsequent state habeas petition, filed on July 12, 2017, did not toll the limitations period because it had already expired, *Graham v. Borgen*, 483 F.3d 475, 482–83 (7th Cir. 2007), and it did not restart the limitations clock, *De Jesus v. Acevedo*, 567 F.3d 941, 942–43 (7th Cir. 2009). Miller's federal habeas petition was, therefore, filed nearly two years too late.

Miller offers two arguments to avoid this result, but neither has merit. First, he cites to *Bramlett v. Champion*, 28 F. App'x 868, 873 (10th Cir. 2001), for the proposition that a procedural bar to a federal habeas action can be ignored if the state court committed a "gross factual error which has no foundation in the record" in issuing a ruling which forms the foundation of the bar. *See* (Docket #18 at 6). He argues that the Wisconsin Supreme Court made such an error in rejecting his petition for review when it stated that "[n]o motion for reconsideration was filed." (Docket #23-1 at 1). While this statement is indeed erroneous, it is immaterial. As noted above, though Miller submitted a number of filings to the state appellate courts, the filings were always late, and so the state courts were well within their rights to reject or disregard them.

Miller next contends that "the determination of whether Miller's 2254 Petition is timely turns on whether the Court of Appeals treated his motion for reconsideration [as] 'properly filed' when it denied, rather than dismissed, this motion on March 2, 2016[.]" (Docket #18 at 6). Miller claims that "this question is easily answered" because the court of appeals certainly had the authority to dismiss the motion as untimely. *Id.* Miller seems to believe that if the motion for reconsideration was denied on its merits, rather than being rejected or dismissed, that would somehow absolve him of any statute-of-limitations issues.

Miller's position is entirely off-base. For this Court's purposes, there is no meaningful difference between a denial or a dismissal of the motion, as neither operated to grant Miller any relief. Further, Miller's petition for review with the supreme court was late under any view of the facts. Finally, as previously explained, this Court cannot disagree with the Wisconsin courts' determination as to whether Miller's appeal should have been dismissed for failure to timely file his brief, or whether the petition for review should have been dismissed as untimely.

Even if when a state prisoner files their federal habeas petition beyond the limitations period, there are two avenues by which the prisoner can avoid having his petition dismissed as untimely. The first is the "actual innocence gateway." *Gladney v. Pollard*, 799 F.3d 889, 895 (7th Cir. 2015). As its name suggests, the actual innocence gateway allows a court to excuse a procedural failing, such as untimeliness, when a petitioner "'presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless error.'" *Id.* at 896 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). The gateway is narrow and is only available to Miller if he shows "that 'in light of new evidence, it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" *Id.* (quoting *House v. Bell*, 547 U.S. 518, 537 (2006)).

Miller does not make an argument regarding actual innocence in the portion of his brief addressing the statute of limitations. (Docket #18 at 4–8). He mentions it later in his brief in a narrative form, apparently as part of a stand-alone claim for habeas relief. *Id.* at 28–31. Miller supplies no evidence, either attached to his brief or his original petition, to support a bid for application of the actual innocence exception to the statute of

limitations issue. Miller's own say-so falls far short of evidence which shakes this Court's confidence in the outcome of his trial.

The second route for avoiding the statute of limitations is equitable tolling. Equitable tolling can excuse an untimely petition if the petitioner establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Socha v. Boughton*, 763 F.3d 674, 683 (7th Cir. 2014) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). This is "a highly fact-dependent area in which courts are expected to employ flexible standards on a case-by-case basis." *Id.* at 684 (quotations omitted). "[T]he threshold necessary to trigger equitable tolling is very high," and it is "an extraordinary remedy [which] is rarely granted." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000); *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013). Miller bears the burden to prove the equitable tolling is appropriate. *Mayberry v. Dittmann*, 904 F.3d 525, 529–30 (7th Cir. 2018).

Even where it applies, equitable tolling can only offer a "brief extension of time during which a late filing will be accepted." *Gray v. Zatecky*, 865 F.3d 909, 912 (7th Cir. 2017). The Seventh Circuit has held that a petition which was just two months late could not be saved by equitable tolling. *Gladney*, 799 F.3d at 894–95. The majority of Miller's arguments are complaints about the timing issues and financial impediments which accompanied the filing of his appellate brief in 2014-AP-1506. Even if all of Miller's complaints were valid, it means little for purposes of an equitable tolling analysis. First, these issues are not extraordinary, but instead common to prisoners litigating their criminal and civil cases. *See Tucker v. Kingston*, 538 F.3d 732, 734–35 (7th Cir. 2008). Second, Miller is not merely required to explain why he bungled his direct appeal. Rather, he must

prove that he was diligently pursuing his claims for the *entire* period between the time his conviction became final—February 2016—and the time his federal habeas case was filed—January 2019.

The most glaring time gap in this period is between February 2016 and July 2017, when Miller filed his state habeas action. Miller's only explanation for this gap is that he was litigating a civil rights action alleging that he suffered excessive force at the hands of police officers when he was arrested in 2003. *See Julian J. Miller v. Officer Albert B. Gonzales et al.*, Case No. 09-CV-1012-WCG (E.D. Wis.). "'Extraordinary circumstances' are present only when an 'external obstacle' beyond the party's control 'stood in [its] way' and caused the delay." *Lombardo v. United States*, 860 F.3d 547, 552 (7th Cir. 2017) (quoting *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016)). Miller's decision to initiate civil litigation for money damages was entirely within his control. Further, Miller's situation is, again, not extraordinary. Prisoner litigants are responsible for a huge percentage of the civil cases filed in this District every year. If their lawsuits supplied a valid basis for equitable tolling, then the federal habeas statute of limitations would be rendered meaningless. Miller has not, then, carried his burden to secure the rare remedy of equitable tolling.

**5. CONCLUSION**

Miller's petition is untimely, and he has not invoked any equitable doctrine that can save him from that fact. Respondent's motion to dismiss must, therefore, be granted. Still, under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Miller must make a "substantial showing of the denial of a constitutional right" by

establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). Further, when the Court has denied relief on procedural grounds, the petitioner must show that jurists of reason would find it debatable both that the "petition states a valid claim of the denial of a constitutional right" and that "the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As the Court discussed above, reasonable jurists would not debate whether the petition should have been resolved in a different manner; Miller's petition is substantially untimely and his bid for equitable tolling is meritless. As a consequence, the Court is further compelled to deny a certificate of appealability as to Miller's petition.

Finally, the Court closes with some information about the actions that Miller may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this

deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *Id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for clarification (Docket #17) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Petitioner's motion for an extension of time, for appointment of counsel, and for access to his release account funds (Docket #21) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Respondent William J. Pollard's motion to dismiss (Docket #13) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Petitioner Julian J. Miller's petition for a writ of *habeas corpus* (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that a certificate of appealability as to Petitioner Julian J. Miller's petition be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 21st day of January, 2020.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge