# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JULIAN J. MILLER, | |
| Petitioner, | |
| v. | Case No. 19-CV-126-JPS |
| WILLIAM J. POLLARD, | |
| Respondent. | **ORDER** |

Petitioner Julian J. Miller ("Miller") filed his petition for writ of *habeas corpus* on January 23, 2019. (Docket #1). On June 24, 2019, Respondent moved to dismiss Miller's petition. (Docket #13). The matter became fully briefed on October 8, 2019. (Docket #18, #19, and #20). On January 21, 2020, the Court granted Respondent's motion to dismiss, finding that Miller's petition was untimely. (Docket #23).

On February 18, 2020, Miller moved to vacate the Court's judgment of dismissal pursuant to Federal Rule of Civil Procedure 59(e). (Docket #25). Rule 59(e) permits a party to ask for alteration or amendment of a judgment within twenty-eight days of the judgment's issuance. Fed. R. Civ. P. 59(e). Miller's motion was timely filed and so the Court may consider its merits. Nevertheless, the standard Miller must meet to have his motion granted is steep. A Rule 59(e) motion can be granted only where the movant clearly establishes: "(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013). *Barrington Music Prods., Inc. v. Music & Arts Ctr.*, 924 F.3d 966, 968 (7th Cir. 2019); *Cehovic-Dixneuf v. Wong*, 895 F.3d 927, 932 (7th Cir. 2018) ("District courts

need not grant Rule 59(e) motions to advance arguments or theories that could and should have been made *before* the district court rendered a judgment.") (emphasis added, quotation omitted).

In the interest of brevity, and because only the dismissal order is at issue, the Court will assume familiarity with that order for the purposes of the instant decision. Miller's motion seeks reversal for several reasons. None have merit.

Miller first argues that the Court committed an error or law and fact when it "overlooked Miller's sufficient showing of how further discovery would lead to relevant evidence on key issues such as timeliness and the actual innocence gateway." (Docket #25 at 1). Specifically, Miller argues that:

> [H]e was not afforded a reasonable opportunity to be heard because of the lack of notice that the Court would still find his 2254 petition untimely due to his state supreme court petition not being filed within 30 days of the appellate court's March 2, 2016, order denying his motion for reconsideration.

(*Id.* at 3–4). Miller's argument defies logic. In deciding whether Miller's petition was untimely, the Court analyzed both the Respondent's and Miller's arguments regarding when the direct review ended. (Docket #23 at 5–6). Miller argued that he used the March 2, 2016 date as his baseline "for placing his filed Petition for Review in the [prison] mailbox." (Docket #18 at 3). The Court found that even if the direct review ended on March 2, 2016, (Miller's proposed date), his petition for review to the Wisconsin Supreme Court was still untimely because it was filed on April 8, 2016, past the thirty-day deadline. (Docket #23 at 6). Thus, Miller is arguing that he wasn't afforded a reasonable opportunity to be heard because the Court actually heard and analyzed his argument on when the direct review ended. This is

a frivolous argument and does not meet the requirements for the Court to amend or vacate the judgment.

Miller's second argument is "that the Court should have postponed ruling on [Respondent's] Motion to Dismiss because [Miller] appraised the Court of his need for Discovery to challenge some of [Respondent's] factual assertions and develop his Actual Innocence + Constitutional claims." (Docket #25 at 4). Again, this argument has no merit. The discovery that Miller "needed" was his state court direct appeal and supreme court documents. (*Id.* at 4–5). The Court provided Miller an extension of time to respond to Respondent's motion to dismiss, providing Miller approximately seventy-five (75) days to respond. (Docket #16). Miller did not present any evidence as to why he had not been able to obtain the years old state court documents in time to respond to the motion to dismiss.

In sum, Miller is attempting to vacate the judgment based on the need for evidence that he has known existed, has known is relevant to his arguments, and has had years of access to. Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to judgment." *Cincinnati Life Ins. Co.*, 722 F.3d at 954 (citing *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)). Therefore, Miller has not met the standard required for the Court to amend or vacate its judgment.

Miller's third argument repeats his prior argument regarding the "mailbox" rule, that his petition to the Wisconsin Supreme Court was timely because he placed it in the prison mailbox before the deadline. (Docket #25 at 8–9). However, the Court already addressed Miller's concerns in the order to dismiss.

> It appears, then, that the court of appeals and supreme court were correct in their findings on Miller's tardiness. But critically, even if this Court had reason to question those rulings, it has no power to overturn or disregard them. As noted above, Wisconsin courts have the final, and inviolable, word on Wisconsin procedural rules. *Ray*, 700 F.3d at 1006; *Powell v. Davis*, 415 F.3d 722, 726 (7th Cir. 2005) ("[W]e have no authority to second-guess a ruling based on state law."). This Court's only role is to review federal constitutional claims, not issues of state procedural law, no matter how aggrieved Miller may be by those procedures.

(Docket #23 at 6). The law has not changed on this issue. Therefore, Miller's third argument fails to meet the standard required to amend or vacate the judgment.

The final argument presented by Miller is that he is actually innocent. (Docket #25 at 9–10). However, Miller has not presented any evidence to support his claim. Thus, this does nothing to change the result of the case and will not require the Court to alter or amend its judgment.

In light of the foregoing, the Court will deny Miller's motion to alter or amend its judgment of January 21, 2020.

Accordingly,

**IT IS ORDERED** that the Petitioner's motion to alter or amend the Court's judgment (Docket #25) be and the same is hereby **DENIED.**

Dated at Milwaukee, Wisconsin, this 15th day of July, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge